IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNA BEE FONTENOT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0210-G |
| | § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is the second lawsuit brought by Una Bee Fontenot against her former employer, the Dallas Independent School District ("DISD"), alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* On February 2, 2010, plaintiff tendered a one-page complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on February 22, 2010. The court now determines that plaintiff's claims are barred by limitations and should be summarily dismissed.

II.

Plaintiff, an African-American female over 50 years of age, was employed as a teacher by DISD at various times between 1988 and 2003. (*See* Mag. J. Interrog. #1). Although her chronology of events is difficult to follow, it appears that plaintiff either was terminated or not rehired by the school district in 1990, 2003, and 2006. (*See* Mag. J. Interrog. #3(b)). In 2002, plaintiff sued DISD for race, gender, and religious discrimination after she was placed on leave without pay. That case was dismissed for want of prosecution. *Fontenot v. Dallas Independent School Dist.*, No. 3-02-CV-2275-R, 2003 WL 22410590 (N.D. Tex. Oct. 21, 2003), *rec. adopted*, 2003 WL 22718539 (N.D. Tex. Nov. 12, 2003). No further legal action was taken by plaintiff against DISD until June 9, 2009, when she filed a charge of discrimination with the EEOC. (*See* Mag. J. Interrog., Attch. 2). On December 18, 2009, the EEOC determined that the charge was not timely filed and notified plaintiff of her right to sue in federal or state court. (*See* Mag. J. Interrog., Attch. 3). Plaintiff now sues DISD for discrimination based on race, gender, religion, age, disability, and "name," as well as retaliation.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

   (i)  is frivolous or malicious;

   (ii)  fails to state a claim on which relief may be granted; or

   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

Under the federal anti-discrimination statutes, an aggrieved party must file a charge of discrimination or retaliation with the EEOC within 300 days after the alleged unlawful employment practice occurred. *See Villarreal v. The Mundy Companies*, No. 03-41476, 2004 WL 1331332 at *2 (5th Cir. Apr. 29, 2004) (noting that 300-day limitations period applies to claims brought under Title VII, ADA, and ADEA). When asked for the date that "the last unlawful act was committed by the defendant," plaintiff responded "in [the] summer 2006." (*See* Mag. J. Interrog. #3(e)). Yet plaintiff did not file a charge of discrimination with the EEOC until June 9, 2009--*three years* later. Nor is there any indication that plaintiff "actively pursued [her] judicial remedies by filing a defective pleading during the statutory period," or was "induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass[,]" which would entitle to her to equitable tolling of the limitations period. *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992), *quoting Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). *See also Stith v.*

*Perot Systems Corp.*, No. 3-02-CV-1424-D, 2004 WL 690884 at *4 (N.D. Tex. Mar. 12, 2004), *aff'd*, 122 Fed.Appx. 115 (5th Cir. Jan. 31, 2005) (discussing Fifth Circuit requirements for equitable tolling). Because it is clear that plaintiff's claims are barred by limitations, her complaint should be summarily dismissed. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE